United States District Court
Southern District of Texas
**ENTERED**
July 12, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-18-533-2 |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-2585 |
| IVAN DARIO OBREGON | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Ivan Dario Obregon filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 93). The Government filed a motion for summary judgment, and served defendant a copy at his address of record on November 10, 2022. (Docket No. 105.) Defendant has not responded to the motion, and the motion is deemed unopposed under L.R. 7.4, Local Rules of the United States District Court For the Southern District of Texas.[1]

Having considered the motion, the response, the record, and the applicable law, the Court **GRANTS** the Government's motion for summary judgment and **DENIES** defendant's motion for relief under section 2255 for the reasons shown below.

### I. BACKGROUND AND CLAIMS

On August 22, 2019, defendant pleaded guilty pursuant to a written plea agreement to possession with intent to distribute a controlled substance in violation of 21 U.S.C. §

---

[1] The Court's review of public online records for the Federal Bureau of Prisons reveals that defendant was released from prison on January 23, 2023. He has not provided the Court with his current address of record.

841(a)(1) and (b)(1)(B). The Court sentenced him on November 21, 2019, to a 54-month term of imprisonment, followed by a three-year term of supervised release. Defendant's appeal was dismissed on January 26, 2021, as barred by waiver provisions of the plea agreement. A writ of certiorari was denied on April 19, 2021.

Defendant claims in the instant motion that trial counsel was ineffective in failing to argue the eligibility and applicability of the safety valve under U.S.S.G. § 5C.1 in light of the First Step Act. Defendant further claims that trial counsel was ineffective in failing to seek factual and legal clarification of the sentencing variance the Court deemed proper. The Government argues that these claims lack merit and should be denied.

## II. LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### III. ANALYSIS

In his first of two habeas claims, defendant contends that trial counsel was ineffective in failing to argue the eligibility and applicability of the safety valve under U.S.S.G. § 5C.1 in light of the First Step Act. As correctly argued by the Government in its motion for summary judgment, defendant's claim is refuted by the record. Trial counsel objected to the PSR on grounds that "[t]he PSR makes no reference to Mr. Obregon's eligibility for further reductions in his offense [level] due to recent revisions in the 'safety valve' guidelines, U.S.S.G. § 5C1.2, based on the First Step Act[.]" (Docket Entry No. 53, pg. 2.) Counsel argued that defendant's "assault– family member" offense did not qualify as a crime of violence and thus, defendant was "entitled to the relief afforded by the First Step Act and

3

the safety valve[,] [u]nder U.S.S.G. § 5C1.2." *Id.* Counsel re-urged the argument at sentencing, and the Court sustained the objection. (Docket Entry No. 73, pp. 9–12.) Consequently, defendant's first claim for ineffective assistance of counsel is without merit and warrants no relief.

In his second of two habeas claims, defendant complains that trial counsel was ineffective in failing "to seek a factual and legal clarification of the sentencing variance which the court said was because of defendant's cooperation even though the court had already determined that he is eligible for the safety valve." (Docket Entry No. 93, p. 4.) Defendant provides no further argument or factual support for this argument, and the Court finds none in the record. Because petitioner has not responded to the motion for summary judgment, he has not contested the Government's argument that he fails to establish deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

Defendant's claims for ineffective assistance of trial counsel have no merit and warrant no habeas relief.

### IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. The Government's motion for summary judgment (Docket Entry No. 105) is **GRANTED**.

2. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 94) is **DENIED**.

3. A certificate of appealability is **DENIED**.

4. The related civil case C.A. No. H-21-2585 (S.D. Tex.) is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on _____ JUL 1 0 2023 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE